# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LINDA P. WEAL** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 06-1830 (GK)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MIKE JOHANNS, SECRETARY** | ) | |
| **U.S. Department of Agriculture** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## <u>DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Defendant Mike Johanns, Secretary of the United States Department of Agriculture, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing all of Plaintiff's claims in this action on the ground that Plaintiff fails to state claims upon which relief can be granted.  In the alternative, Defendant moves the Court, pursuant to Federal Rule of Civil Procedure 56, for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law.

In support of this Motion, Defendant respectfully submits the attached statement of material facts as to which there is no genuine dispute, a memorandum of points and authorities with exhibits, and a proposed order.

Respectfully submitted,


     /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____/s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANTS

Of Counsel:

Marnie G. Ganotis
Agency Counsel
United States Department
of Agriculture
South Building, Room 3312-S
1400 Independence Avenue, S.W.
Washington, DC 20250-1400

_____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **LINDA P. WEAL** | ) |
| | ) |
| **Plaintiff,** | )  Civil Action No.: 06-1830 (GK) |
| | ) |
| **v.** | ) |
| | ) |
| **MIKE JOHANNS, SECRETARY** | ) |
| **U.S. Department of Agriculture** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

---

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to LCvR 56.1 and 7(h), Defendant Mike Johanns respectfully submits this statement of material facts as to which there is no genuine issue in support of his Motion for Summary Judgment.

1.    Plaintiff is a former Budget Analyst with the United States Department of Agriculture's (the "Agency") National Agricultural Statistics Service ("NASS").  Ex. 1, (Affidavit of Linda Weal ("Weal Aff.") dated February 4, 2004), at 2.

2.    Plaintiff began her tenure as a Budget Assistant in 1987 as a General Schedule ("GS") 5 level employee.  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 2.

3.    Plaintiff was promoted to a GS-9, step 11, in October 1999.  Ex. 2, (Complaint of Employment Discrimination, Summary of Complaint for Mediation,[1] at 2).  She contends that she should have been promoted from a GS-9 to a GS-11 after the successful completion of one

---

[1]This summary was attached and incorporated into Plaintiff's administrative complaint of discrimination.

year at the GS-9 level.  Id.; Compl. ¶ 5.[2]

4.      In her sworn declaration submitted during the administrative process, Plaintiff asserted that "white females that work in [her] office with the same job title of Budget Analyst, have either started in the position the same time as I or several years after me but have all been promoted to an equal or high grade in a relatively short period of time."  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 2.

5.      In October 2001, Plaintiff spoke with her supervisor, Robert Bass, concerning promotion to the GS-11 grade.  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 3; Compl. ¶ 5.  Plaintiff contends that Mr. Bass told her "to come back in a year . . . ."  Compl. ¶ 5.  Plaintiff told Mr. Bass that she had already waited two years.  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 3; see also Ex. 3, (Affidavit of Linda Weal dated March 19, 2004), at 2.

6.      In her sworn affidavit submitted to the Agency, Plaintiff asserted that in September, 2002, she spoke to Joseph Reilly, the Director of NASS, to discuss the fact that Plaintiff's white co-workers had been promoted while she had not.  Ex. 3, (Weal Aff. dated Mar. 19, 2004), at 3.  Mr. Reilly allegedly told Plaintiff that the Agency "can promote anyone they like, when they pleased."  Id.

7.      Thereafter, according to Plaintiff's affidavit, she spoke with Raymond Bosecker, Administrator, NASS.  Id. at 3.  Plaintiff told Mr. Bosecker that she "knew" that Ann Schaeffer, a white female who had transferred to Plaintiff's field office in 1999, was going to be promoted to the GS-11 grade.  Id.; Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 2.  Mr. Bosecker told Plaintiff that her supervisor, Mr. Bass, should provide Plaintiff with an outline of items to complete.  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 3.

---

[2]References to "Compl." are to the federal complaint Plaintiff has filed in this case.

8.     Plaintiff contends that Mr. Bass' response to her promotion inquiry was to provide her with a list of areas in which she needed improvement.  Id.  Plaintiff asserts that this list of items was "inconsistent with any known standard for promotion" and, if there were issues with her performance, those issues should have been raised during her prior performance reviews.  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 3; Ex. 2, (Complaint of Discrimination), at 2.

9.     On June 17, 2003, Plaintiff first initiated contact with an Equal Employment Opportunity ("EEO") counselor.  See Ex. 4, EEO Counselor's Report, at 3.

Respectfully submitted,


    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Marnie G. Ganotis
Agency Counsel
United States Department
of Agriculture
South Building, Room 3312-S
1400 Independence Avenue, S.W.
Washington, DC 20250-1400

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA P. WEAL | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No.: 06-1830 (GK) |
| | ) |
| v. | ) |
| | ) |
| MIKE JOHANNS, SECRETARY | ) |
| U.S. Department of Agriculture | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, Mike Johanns, Secretary of the United States Department of Agriculture, respectfully submits the following Memorandum in Support of His Motion to Dismiss or Alternatively for Summary Judgment. Dismissal or summary judgment is warranted because Plaintiff cannot establish that she properly exhausted her administrative remedies prior to bringing this lawsuit. Accordingly, judgment in favor of the Defendant is proper.

## I.   INTRODUCTION

Plaintiff, Linda P. Weal, is a former employee of the United States Department of Agriculture (the "Agency"). In her complaint, Plaintiff contends that she was discriminated against by the Agency on the basis of her age (DOB: 1/9/51) and race (African-American) pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), when she was not promoted to the GS-11 grade. Compl. ¶¶ 1, 2, 4, 5.

Plaintiff's complaint should be dismissed because Plaintiff failed to timely contact an

EEO counselor regarding her claims of discrimination.  Plaintiff's own affidavits and evidence submitted during the administrative proceedings pertaining to this matter demonstrate that Plaintiff knew as early as 2000 that she was not being promoted.  Furthermore, Plaintiff alleges in her complaint that in 2001 she raised these issues to her supervisor.  Compl. ¶ 5.  However, she failed to contact an EEO counselor until 2003, clearly beyond the 45-day time limit applicable to contacting an EEO counselor.  For this reason, Plaintiff's complaint must be dismissed.

## II.    <u>FACTUAL BACKGROUND</u>

Plaintiff began her employment as a GS-5 Budget Assistant with NASS in Washington, D.C., in 1987.  Ex. 1, (Weal Aff. dated Feb. 4, 2004, at 2).  Between 1987 and 1999, Plaintiff progressed to the GS-8 level.  <u>Id.</u>  In 1999, Plaintiff's position was upgraded from a Budget Assistant to a GS 9, step11 Budget Analyst, and Plaintiff was promoted to the GS-9 grade.  <u>Id.</u> Plaintiff contends that she should have been promoted to the GS-11 grade after the successful completion of one year at the prior GS-9 grade.  Compl. ¶ 5; Ex. 2, (Complaint of Discrimination), at 2.  However, Plaintiff alleges that despite receiving a positive performance review in October 2000, and again in October 2001, Plaintiff was not upgraded to the GS-11 grade.  <u>Id.</u>

In October 2001, Plaintiff contacted her supervisor, Robert Bass, concerning the fact that she had not been promoted to the GS-11 grade.  Compl. ¶ 5; Ex. 1, (Weal Aff. dated Feb. 4, 2004).  At that time, Mr. Bass told Plaintiff that she should "come back in a year."  Compl. ¶ 5. Specifically, Mr. Bass told Plaintiff that she should wait until after the implementation of the new FFIS computer system, so that he could see how well she performed.  Ex.1, (Weal Aff.

dated Feb. 4, 2004) at 3.  Plaintiff contends that she "reminded" Mr. Bass that it had already

been two years since she had received her GS-9.  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 3.

_____According to Plaintiff's sworn affidavit submitted during the administrative process, in

September 2002, Plaintiff was "frustrated" that she had not yet been promoted and she contacted

Joseph Reilly, the Director of NASS.  Id.  Plaintiff stated that she expressed her concerns to Mr.

Reilly about not being promoted, however, according to Plaintiff, Mr. Reilly responded that the

Agency "could promote anyone they like, when they pleased."  Id.  Plaintiff thereafter contacted

Raymond Bosecker, the Administrator of NASS, about her lack of promotion.  Id.  Plaintiff told

Mr. Bosecker that she "knew" that Ann Schaeffer, a white female who had transferred to

Plaintiff's office from a field office in 1999, was going to be promoted to the GS-11 grade.  Ex.

3, (Weal Aff. dated Mar. 19, 2004), at 3.[1]  Plaintiff contends that Mr. Bosecker told Plaintiff that

Mr. Bass should provide Plaintiff with "an outline of items to complete."  Ex. 1, (Weal Aff.

dated Feb. 4, 2004), at 3.

Plaintiff again spoke with Mr. Bass.  Id.  Plaintiff contends that Mr. Bass' response to her

promotion inquiry was to provide her with a list of areas in which she needed improvement,

which was to be completed in 2003.  Id.; see also Ex. 2, (Complaint of Discrimination), at 2.

Plaintiff asserts that this list of items "is inconsistent with any known standard for promotion"

and, if there were issues with her performance, those issues should have been raised during her

prior performance reviews.  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 3; Ex. 2(Complaint of

Discrimination), at 2.

---

[1]In fact, according to Plaintiff, Ms. Schaeffer was promoted to the GS-11 grade in
December 2002.  Ex. 3, (Weal Aff. dated Mar. 19, 2004), at 2.

_____On June 17, 2003, Plaintiff initiated contact with an EEO counselor.  Compl. ¶ 5; Ex. 4,
(EEO Counselor's Report), at 3.  Mediation was conducted, but was not successful.  Id.  After
further pursuing the administrative process, Plaintiff filed her action in this Court on October 25,
2006.

## III.    STANDARD OF REVIEW

The standard for granting a motion to dismiss pursuant to Rule 12(b)(6) is well-known.
A motion to dismiss for failure to state a claim serves to test the legal sufficiency of the
complaint.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kowal v. MCI Communications
Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  For purposes of a motion to dismiss, a court takes
as true all inferences that can be derived from the facts alleged.  Kowal, 16 F.3d at 1276.  A
court, however, need not accept the inferences drawn by a plaintiff if such inferences are
unsupported by the facts set out in the complaint.  Id.  A court should dismiss a complaint if
plaintiffs can prove no set of facts that would entitle them to relief.  Emoagram SA v. F.
Hoffman Larouche, Ltd., 315 F.3d 338, 343 (D.C. Cir. 2003); Beverly Enterprises v. Herman, 50
F. Supp. 2d 7, 11 (D.D.C. 1999).

Similarly, summary judgment pursuant to Fed. R. Civ. P. 56(c) is appropriate when the
record shows that there is no genuine issue as to any material fact and the moving party is
entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith
Radio Corp., 475 U.S. 574, 587 (1986).  In determining whether a genuine issue of material fact
exists, the trier of fact must view all the facts, and the reasonable inferences to be drawn from
them, in a light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.  If the

evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50. In order to withstand summary judgment, the non-moving party is not at liberty to rest upon mere allegations or denials but must come forth with evidence establishing a material issue of fact for trial. Id. at 248. The mere existence of some factual dispute is insufficient to withstand summary judgment; there must be a genuine issue of material fact. Id. at 247-48. If the submitted evidence is of such a character that it would not permit a reasonable fact-finder to find in favor of the non-moving party, summary judgment is appropriate. Id. at 251.

The undisputed evidence in this matter demonstrates that Plaintiff did not timely contact an EEO counselor concerning her claims of age and race discrimination. Accordingly, her complaint should be dismissed.

## V.    ARGUMENT

### A.    PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

Prior to seeking relief in federal court under Title VII or the ADEA, a federal employee must timely exhaust all available administrative remedies. See 42 U.S.C. § 2000e-16(c)); 29 C.F.R. § 1614.407; Kizas v. Webster, 707 F.2d 524, 544 & n.99 (D.C. Cir. 1983); see, e.g., Robinson v. Chao, 403 F. Supp. 2d 24, 28 (D.D.C. 2005).[2]  Before a complainant can file a

---

[2]A putative ADEA plaintiff has two means by which she can pursue her age claims. First, she may by-pass the administrative process altogether and, by giving thirty days' notice of her intent to sue to the EEOC, she may commence her civil action. 29 U.S.C. § 633a(d). Alternatively, the ADEA plaintiff may choose to proceed administratively by filing a complaint with the EEOC. 29 U.S.C. § 633a(b)(3). In this case, Plaintiff chose to pursue her ADEA claims administratively.

formal discrimination complaint, she must first consult an EEO counselor to try to resolve the matter informally.  29 C.F.R. § 1614.105(a).  Contact with an EEO counselor must occur "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).

Courts have strictly enforced the time deadlines throughout the complaint process under Title VII.  Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience."); Bayer v. Department of the Treasury, 956 F.2d 330, 332-33 (D.C. Cir. 1992) (although failure to comply with time limits is not a jurisdictional defect, plaintiff bears the burden of pleading and proving sufficient reasons to excuse noncompliance); Carter v. Rubin, 14 F. Supp. 2d 22, 32 (D.D.C. 1998) (holding that federal employees may not file employment discrimination actions outside applicable time deadlines).

In order to exhaust her administrative remedies, therefore, Plaintiff was required to timely contact an EEO officer within 45 days of the alleged discriminatory incident.  Harris v. U.S. Attorney General, 400 F. Supp. 2d 24, 27 (D.D.C. 2005).  According to Plaintiff, she was entitled to be promoted to the GS-11 grade at the completion of one year as a GS-9 employee.  Compl. ¶ 5; see also Ex. 2, (Complaint of Employment Discrimination) at 2.  Plaintiff contends that she approached her supervisor in 2001 to inquire about her promotion, however he told her "to come back in a year."  Compl. ¶ 5.  A year later, having not been promoted, Plaintiff again contacted her supervisor, as well as the director and administrator of NASS.  Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 3.  However, Plaintiff still did not receive a promotion.  Id.

Despite raising her concerns to her supervisors in 2001 and 2002, Plaintiff asserts that

6

she did not contact an EEO counselor until June 17, 2003.  Ex. 4, (EEO counselor's report), at 3;

Compl. ¶ 5.  Clearly, Plaintiff failed to contact an EEO counselor within 45 days of the alleged

discriminatory denial of her request for a promotion.  Accordingly, her claims of discrimination

must be dismissed.

### B.    PLAINTIFF IS NOT ENTITLED TO AN EXTENSION OF THE 45-DAY TIME LIMIT.

In her complaint, Plaintiff contends that her unawareness of the 45-day time limit, as well

as her supervisor's "evasive replies" about her request for a promotion, excuse her compliance

with the 45-day period.  Compl. ¶ 5.  However, none of Plaintiff's proffered excuses warrants an

extension of the 45-day time period.

### 1.    Plaintiff's Subjective Lack of Knowledge of the 45-Day Period Does Not Excuse Her Untimeliness.

In her complaint, Plaintiff contends that she "was not aware that she only had 45 days to

see an EEO counselor because no notices of that deadline were posted in her work area."

Compl. ¶ 5.  Pursuant to 29 C.F.R. § 1614.105(a)(2), the 45-day time limit in which to contact an

EEO counselor shall be extended by the Commission when

> [t]he individual shows that he or she was not notified of the time
> limits and was not otherwise aware of them, that he or she did
> not know and reasonably should not have . . . known that the
> discriminatory matter or personnel action occurred, that despite
> due diligence he or she was prevented by circumstances beyond his
> or her control from contacting the counselor within the time limits,
> or for other reasons considered sufficient by the agency or the
> Commission.

29 C.F.R. § 1614.105(a)(2).   The administrative time-limits imposed by the EEOC or the

Agency "erect no jurisdictional bars to bringing suit."  Bowden v. United States, 106 F.3d 433,

437 (D.C. Cir. 1997).  Rather, like a statute of limitations, "these time limits are subject to

7

equitable tolling, estoppel, and waiver." Id. (citations omitted).

Equitable tolling permits "a plaintiff to avoid the bar of the limitations period if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." Currier v. Radio Free Europe/Radio Liberty, Inc., 159 F.3d 1363, 1367 (D.C. Cir. 1999). "Although the 45-day time limit may be equitably tolled, it is extended 'only in extraordinary and carefully circumscribed instances.'" Carter v. Greenspan, 304 F. Supp. 2d 13, 22 (D.D.C. 2004) (citations omitted). The District of Columbia Circuit has stated that "equitable principles favor tolling where, for example, a defendant engaged in 'affirmative misconduct' . . . or 'misled [a plaintiff] about the running of a limitations period." Washington v. WMATA, 160 F.3d 750, (D.C. Cir. 1998) (citations omitted).

Tolling is not available based upon a plaintiff's "subjective unawareness" of the time deadline. In her complaint, Plaintiff makes a subjective assertion that she was unaware of the filing deadline. However, Plaintiff's subjective unawareness of the deadline is not sufficient to invoke the doctrine of equitable tolling. See Aceto v. England, 328 F. Supp. 1, 6 (D.D.C. 2004) ("When determining whether the time period [to contact an EEO counselor] should be tolled, the test of whether an employee knows of the time period is not subjective.") (citations omitted); O'Neal v. Johnson, No. Civ.A. 02-0172, 2003 WL 21788956, at *2 (D.D.C. July 17, 2003) ("[P]laintiff's claim that he was subjectively unaware of [the 45-day limit] fails to support equitable tolling . . . .") (citations omitted). Accordingly, the fact that Plaintiff was subjectively unaware of the 45-day time limit is insufficient to excuse her untimely contact with an EEO counselor.

### 2.    Plaintiff's Supervisor Did Not Engage in Affirmative Misconduct that Misled Plaintiff About Her Rights.

As a second excuse for failing to timely contact an EEO counselor within the 45-day deadline, in her complaint Plaintiff contends that she had received "evasive replies" from her supervisor about her promotion to grade 11 until June 2003. Compl. ¶ 5. That is why, according to Plaintiff, she did not contact an EEO counselor until that time. Id.

Courts may toll the 45-day time limit when it is shown that "the defendant engaged in affirmative misconduct that caused plaintiff to miss the deadline." Carter, 304 F. Supp. 2d at 23 (citations omitted). Tolling may also be available if it is shown that plaintiff was misled about her EEO rights. Washington, 160 F.3d at 124 (citation omitted).[3] However, Plaintiff's reliance on statements made to her by her supervisor, Mr. Bass, is unpersuasive because at no time did any of these statements mislead Plaintiff concerning her rights.

In her affidavit filed during the administrative process, Plaintiff stated that she spoke to Mr. Bass in October 2001 about her promotion. Ex. 3, (Weal Aff. dated Mar. 19, 2004). At that time, Mr. Bass told Plaintiff to wait a year so he could see how she performed on the new computer system. Id.; see also Compl. ¶ 5. Notably, Mr. Bass did not promise Plaintiff that she would be promoted in a year; rather he stated that he wanted to see how she would perform on

---

[3]Plaintiff's claim that she was affirmatively misled could also be construed to raise a claim that the Defendant is equitably estopped from asserting an untimeliness defense. See, e.g., Currier, 159 F.3d at 1367 ("Equitable estoppel . . . prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time[.]") (citations omitted) (emphasis in original). "Both equitable estoppel and equitable tolling operate[ ] . . . to toll a limitations period." Id. Whether the Court construes Plaintiff's assertion that she relied on her manager's statements as seeking to invoke equitable estoppel or equitable tolling, Plaintiff has failed to satisfy the standard necessary for tolling to apply in this case.

the new computer system over the next year. Such comments are not sufficient to invoke tolling. See Currier, 159 F.3d at 1368 (stating that comments to employee promising "a 'fair and impartial investigation'" and telling the employee "to 'hang tight' and . . . assurance[s] that 'it's not over yet[,]'" were "inadequate support for . . . [application of] equitable estoppel . . . ."). Cf. Jones v. Greenspan, 445 F. Supp. 2d 53, 58 (D.D.C. 2006) (tolling held applicable where employee was explicitly promised a promotion).

Furthermore, none of the statements made to Plaintiff in 2002 could have led her to believe that she was going to be promoted. Plaintiff contends that she spoke with Mr. Reilly, Director of NASS, in September 2002, and that he told her the Agency "can promote anyone they like, when they pleased." Ex. 3, (Weal Aff. dated Mar. 19, 2004), at 3. Plaintiff then went to speak with Mr. Bosecker, NASS' Administrator, about her promotion, and specifically raised the fact that Ann Schaeffer, a white female, was being promoted. Id. Mr. Bosecker did not promise Plaintiff a promotion, rather he referred her back to Mr. Bass. Ex. 1, (Weal Aff. dated Feb. 4, 2004), at 3. Plaintiff again went to Mr. Bass, who again told her he had concerns about her work performance and gave her a list of action items to complete. Id. However, Plaintiff felt that this list had no bearing on her promotion. See Ex. 2, (Complaint of Employment Discrimination), at 2 ("[t]he fact that Robert Bass gave a list of items in 2002 to be completed in 2003 has no affect on the issue of my promotion."). These statements provide no basis for the conclusion that Plaintiff was affirmatively misled concerning her promotion. And at no time was Plaintiff ever misled regarding her rights to file an EEO complaint. Therefore, Plaintiff's assertion that she "relied" on her supervisor's representations, Compl. ¶ 5, does not excuse her failure to timely contact an EEO counselor.

10

      **3.**     **The Facts of This Case Do Not Support the Application of Equitable Tolling.**

Equitable tolling is not appropriate "where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (footnotes omitted); Currier, 159 F.3d at 1367 (equitable tolling is only applicable "if despite all due diligence" plaintiff "is unable to obtain vital information bearing on the existence of his claim.") (citation omitted). For over two years, Plaintiff felt she was entitled to a promotion. Compl. ¶ 5; Ex. 1 (Weal Aff. dated Feb. 4, 2004), at 3. Despite Plaintiff's appeals to her supervisors, Plaintiff did not receive the promotion she sought. However, rather than investigate whether to assert her rights, she sat by for years while other, non-African American, co-workers in her department were promoted. These circumstances do not warrant application of equitable tolling. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently can not invoke equitable principles to excuse that lack of diligence."). See also Williams v. Munoz, 106 F. Supp. 2d 40, 43 (D.D.C. 2000) (holding that case was not "sufficiently extraordinary" to justify equitable tolling where plaintiff failed to investigate her rights despite knowing that "she had not been promoted and that her non-African American coworkers had [been promoted].").

## VI.   CONCLUSION

For the reasons set forth above, Defendant requests that Plaintiff's complaint be dismissed or, alternatively, that summary judgment be entered in Defendant's favor. Plaintiff has failed to exhaust her administrative remedies by timely contacting an EEO counselor within 45 days of the time at which she knew that she suffered discrimination. Her failure to do so precludes her action in this Court.

Respectfully submitted,


   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANT

Of Counsel:

Marnie G. Ganotis
Agency Counsel
United States Department
of Agriculture
South Building, Room 3312-S
1400 Independence Avenue, S.W.
Washington, DC 20250-1400

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
LINDA P. WEAL                              )
                                           )
          Plaintiff,                       )          Civil Action No.: 06-1830 (GK)
                                           )
     v.                                    )
                                           )
MIKE JOHANNS, SECRETARY                    )
U.S. Department of Agriculture             )
                                           )
          Defendant.                       )
                                           )
_____  )

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN**
**THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This matter having come before the Court on Defendant's Motion to Dismiss, or in the

Alternative, for Summary Judgment, Plaintiff's Opposition, if any, and Defendant's Reply, if

any, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, for Summary

Judgment, is hereby **GRANTED**.  It is further

**ORDERED** that Plaintiff's Complaint is dismissed in its entirety with prejudice.

**SO ORDERED** on this ___ day of _____, 200__.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# COMPLAINANT'S AFFIDAVIT

I, Linda Weal, employee of United States Department of Agriculture

(Agency) National Agricultural Statistics Service

(Division) Budget Administration Services

Located in city and state) 1400 Independence Avenue SW, Washington, DC

In the capacity of Budget Analyst GS - 9

My telephone number during working hours is: 202-720-4382

## I HAVE BEEN ADVISED OF THE FOLLOWING:

I have an obligation to cooperate fully with the investigator, who has been assigned to conduct a thorough and impartial investigation of my complaint of discrimination. Therefore, I must provide a statement for the investigative record which is true and complete to the best of my knowledge and belief and which fully addresses the issues accepted for investigation. My statement must be specific with regard to names, dates, places, circumstances and related events, and disclose my firsthand knowledge of any directly related information which is relevant to the issue(s). My statement, along with my Informal Complaint, Counselor's Summary Report, my Formal Complaint, and the description of the issue(s) for investigation shall serve as the basis for the investigation. While I may voluntarily submit any additional documents or information to the investigator for consideration, it will be the investigator's responsibility to determine what evidence shall actually become part of the investigative report. If there are any documents or facts, which substantiate my allegations, I must provide them to the investigator, or make them known to the investigator. I may suggest witnesses to be interviewed by the investigator. However, the investigator will decide which witnesses to interview based on relevant information he or she feels will be furnished.

My statement is made under oath (or affirmation), without a pledge of confidentiality, in accordance with the rules, regulations, policies, and procedures of the Equal Employment Opportunity Commission and the Department of Agriculture. This means that any employee(s) whom I accuse of discrimination or other acts of impropriety may be shown relevant portions of this statement and be given an opportunity to respond. Agency officials responsible for processing complaints of discrimination will have access to the entire investigative report. If discrimination is found, any employee accused of discrimination will have an opportunity to review a sanitized version of the report. If discrimination is found and disciplinary action is proposed, the employee accused of discrimination will have an opportunity to review the report in its entirety without deletions. Participants in the discrimination complaint process are specifically protected by law and the EEO regulations from any ads of reprisal, discrimination, coercion, harassment, restraint, or inference for their participation in the investigation and other phases of complaint processing.

I have the right to be represented by a person of my choice during presentation of my complaint and preparation of my statement (so long as my choice does not result in a conflict of interest). I have ____ have not __✓__ chosen a personal representative at this stage of my complaint. In the event I have not chosen a representative but obtain a representative at a later date, I will advise the investigator and the Director of the Civil Rights Center in writing.

090019

I have the right to review my statement prior to signing it, and may make initialed corrections if it is incomplete or inaccurate. I have a right to receive a copy of the signed statement.

Page 1 of 3

EXHIBIT ___6___

PAGE __1__ OF _3_ PAGES

Initials 𝓛𝓟𝔀

Having reviewed the preceding information with the investigator, I solemnly _____ swear _____ affirm that the statement that follows is true and complete to the best of my knowledge and belief, and fully addresses the issues and allegations raised by me in my EEO complaint.

I am Linda Weal, Black female (age 53), Budget Analyst GS - 9 with National Agricultural Statistics Service. I started as a Budget Assistant and from 1987 to 1999 I went to Grade 5 to a Grade 8. This position was upgraded in 1999 from a Budget Assistant to a GS 9/11 Budget Analyst, to date I am still a GS – 9.

I am firmly of the opinion that Robert Bass the Responding Management Official (White male) has intentionally denied me and/or has discriminated against my GS 11 promotion. He has constantly treated me differently in all respects than those White individuals who are similarly situated as myself.

Barbara Nelson (White female) left the Budget Administration Service Office in 1989. She went to the North Carolina field office as a Grade 9 Admin Tech and returned in 1995 as a Grade 8 Budget Assistant. Barbara Nelson quickly received her Grade 9 Budget Analyst position and since has been promoted to Grade 12.

Ann Schaeffer (White female) transferred from an Admin Tech position from our field office to a Grade 8 Budget Assistant in 1999. In December 2000, she was promoted to Grade 9 Budget Analyst and upgraded in 12/2002 to a Grade 11.

Finally, May 2002, Patricia Breachtel (White female and Robert Bass' prior secretary) was hired as a Grade 7 Budget Assistant; May 2003 was promoted to Grade 8 and then in July 2003 after only completing 2 months was given a Grade 9 Budget Analyst.

These white females that work in my office with the same job title of Budget Analyst, have either started in the position the same time as I or several years after me but have all been promoted to an equal or higher grade in a relatively short period of time. They were issued appreciation awards at a higher monetary value that ranged from $500 to $5000. My highest award has been $300 for doing the same work. Ironically, I have been asked by my supervisors, Marshall Dantzler and Robert Bass over the years to assist in the training of these individuals with no recognitions. Moreover, I have requested reimbursements for college courses and/or to have advanced payment for same and was denied by Robert Bass unlike the other white females.

Robert Bass my current supervisor has little to no knowledge of the work I perform or my actual responsibilities. He has been asking the other directors whom I make monthly reports about my work. In addition, other directors who are also White have consulted Patricia Breachtel about my accounts instead of me. It appears they prefer to speak to one of their own. I complained to Robert Bass about this (round and about) method of getting information and finally asked him "Do you know what I do?" He answered, "No".

EXHIBIT_____6_____

PAGE__2__OF__3__PAGES                    Initials $\mathcal{LPW}$

I spoke to Robert Bass in October 2001 about my promotion. He told me to wait until after the implementation of the new FFIS computer system and come back in a year. I reminded him that it had already been 2 years since receiving my Grade 9.

A year later in September 2002 frustrated, I brought the issue of the disparity between the inequities of the promotions of the White females' as opposed to myself to the Director, Joseph Reilly. Mr. Reilly stated, "They could promote anyone they like, when they pleased". I followed up Joseph Reilly's response with a request to see and speak with the Administrator, Raymond Ronald Boseeker. He stated that Bob Bass should give me an outline of items to complete.

Robert Bass' response to my promotion inquiry was to complete an improvement list of items. However this list is inconsistent with any known standard for promotion. The fact of the matter is I have received full satisfaction on my performance evaluation and if there were any concerns, then it should have been conveyed or embodied in my personnel file.

I have reviewed this statement, which consists of ___3___ pages, and hereby solemnly _____swear _____affirm that it is true and complete to the best of my knowledge and belief. I understand that the information I have given will not be held confidential and may be shown to the interested parties as well as made a permanent part of the record of investigation.

_Linda P. Weal_                                        _Oct- Feb 2004_
**(Signature of Deponent)**                                    **(Date)**

Signed before me at (Street and City _1400 Independence Ave., Wash. DC_ .
on this day ____4th____ of _February_____ , 20 _04_____ .

_Matthew Jones_
**(Signature of Investigator/Witness)**

EXHIBIT ____6____

PAGE ___3___ OF _3_ PAGES Initials _LPW_

# EXHIBIT 2

OCT. -28' 03(TUE) 17:08

USDACR030628

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

| United States Department of Agriculture | Office of Civil Rights Employment Complaint and Adjudication Division | Reporters Building, Room #607 300 7th Street SW Washington, DC 20024 |

| 1. Name | (First) Linda | (MI) P. | (Last) Weal | [X] USDA Employee    [] USDA Applicant |
| [] Mr. | | | | |
| [] Ms. | | | | |

2. Address _____

_____
Street

_____
(City, State & Zip)

3. Telephone Number

Work (202) 720-4382

Home ( , ) _____

4. Name of Agency Which You Believe Discriminated Against You

    USDA/National Agricultural Stat. Service _____
                              (Office)

    Washington, DC   20250
_____        _____        _____
(City)                 (State)                (Zip)

5. Bases of discrimination on which you were counseled. The ten bases are age, race, color, national origin, religion, sex, ph or mental disability, marital status, sexual orientation, and reprisal. Be specific in your identification of bases (ie: age (55), se (female), race (white).

    Age and Race

6. Issue(s) on which you were counseled (do not include issues or allegations for which you did not receive counseling. Prov you deem necessary, additional details on reverse side). Be specific with exact issue and the date of the issue. (ie: non-sele to vacancy announcement USDA-96-174, Secretary, GS-318-9 on November 1, 1997, or two day suspension for misconduc October 29 & 30 1997.) You do not need to elaborate on why you feel this was discriminatory, you will be given the opportun support your complaint during the investigative process.

    See Attached

RECEIVED
SEP - 2 2003
4245

7. Representative, if any

_____        _____        _____
(Street)    (City & State)        (Zip)        Telephone Number

8. Name of EEO Counselor
    Calvin Jacobs

000012

EXHIBIT    2

PAGE   1   OF 2   PAGES

Requested Corrective Action ─

*Linda P. Weal*                13 August 2003
Signature                      Date

Summary of Complaint
For Mediation

July 28, 2003

Position: Budget Analyst
Grade: GS 9/11 potential 12
Date of Current Grade: 10/1999

To: S. Patricia Thomas

I was promoted to the position of Budget Analyst GS 9/11 in October 1999. The position is to go from the grade of GS 9 to GS 11 after the successfully completion of one (1) year at the prior grade of GS 9.

I received my GS 9 in October 1999. I received a **positive performance review** in October 2000 without exception. I, then, completed my year at GS 9 and received another **positive Performance Review in October 2001.** My GS 11 promotion should have been given after I successfully completed the one year of service at the GS 9 (Applicants for GS-11 level must have 1 year of specialized experience equivalent to the GS-9 or a Ph.D or equivalent doctoral degree or 3 full years of progressively higher level graduate education leading to such a degree or LL.M., if related) as quoted in job description.

The fact that Robert Bass gave a list of items in 2002 to be completed in 2003 has no affect on the issue of my promotion. If there were issues to be corrected or completed, these issues should have been brought to my attention during the Performance Reviews of 2000 & 2001 and not two (2) years later.

I am requesting my promotion to GS 11 beginning October 2001. I am also requesting all back pay GS 11 beginning October 2001.

If Robert Bass would like for me to complete the list of items to be promoted to the grade of GS 12, this I have no problem with completing. But his list has no effect on my promotion that should have taken place in October 2001. There is no compromise on this issue.

If I were not a Black female over the age of fifty (50), this would not have been an issue.

Page 2 of 2

# EXHIBIT 3

## COMPLAINANT'S AFFIDAVIT

I, **Linda Weal**, am an employee of the U.S. Department of Agriculture, National Agricultural Statistics Service, Office of Budget & Administrative Services, located in Washington, DC, in the capacity of Budget Analyst, GS-560-9, between October 1999 and present.

My telephone number during working hours is (202) 720-4382.

I HAVE BEEN ADVISED OF THE FOLLOWING:

I have an obligation to cooperate fully with the investigator, who has been assigned to conduct a thorough and impartial investigation of my complaint of discrimination. Therefore, I must provide a statement for the investigative record which is true and complete to the best of my knowledge and belief and which fully addresses the issues accepted for investigation. My statement must be specific with regard to names, dates, places, circumstances and related events, and disclose my firsthand knowledge of any directly related information which is relevant to the issue(s). My statement, along with my Informal Complaint, Counselor's Summary Report, my Formal Complaint, and the description of the issue(s) for investigation shall serve as the basis for the investigation. While I may voluntarily submit any additional documentation or information to the investigator for consideration, it will be investigator's responsibility to determine what evidence shall actually become part of the investigative report. If there are any documents or facts, which substantiate my allegations, I must provide them to the investigator, or make them known to the investigator. I may suggest witnesses to be interviewed by the investigator. However, the investigator will decide which witnesses to interview based on relevant information he or she feels will be furnished.

My statement is made under oath (or affirmation), without a pledge of confidentiality, in accordance with the rules, regulations, policies, and procedures of the Equal Employment Opportunity Commission, and the Department of Agriculture. This means that any employee(s) whom I accuse of discrimination or other acts of impropriety may be shown relevant portions of this statement and be given an opportunity to respond. Agency officials responsible for processing complaints of discrimination will have an opportunity to review a sanitized version of the report. If discrimination is found and disciplinary action is proposed, the employee accused of discrimination will have an opportunity to review the report in its entirety without deletions. Participants in the discrimination complaint process are specifically protected by law and the EEO regulations from any acts of reprisal, discrimination, coercion, harassment, restraint, or inference for their participation in the investigation and other phases of complaint processing.

I have the right to be represented by a person of my choice during presentation of my complaint and preparation of my statement (so long as my choice does not result in a conflict of interest). I have ___ have not _✓ chosen a personal representative at this stage of my complaint. In the event I have not chosen a representative but obtain a representative at a later date, I will advise the investigator and the Director of the Civil Rights Center in writing.

I have the right to review my statement prior to signing it, and may make initialed corrections if it is incomplete or inaccurate. I have a right to receive a copy of the signed statement.

Having reviewed the preceding information with the investigator, I solemnly _✓ swear ___ affirm that the statement that follows is true and complete to the best of my knowledge and belief, and fully addresses the issues and allegations raised by me in my EEO complaint.

_LfW_
(Initials)

**EXHIBIT** ___7___

**PAGE** _1_ **OF** _3_ **PAGES**

000022

1

The other Budget Analysts in the office have all been promoted.

Barbara Nelson, age 60, white, was promoted from a GS-9 to GS-11 in 1999, and was promoted to GS-12 in 2001.

Ann Schaeffer, age 43, white, was promoted to GS-11 in December 2002.

Patricia Brechtel, age 34, white, had previously been the secretary to Robert Bass as a GS-8. In May 2002, she was named Budget Assistant, GS-7. In May 2003, she was promoted to Budget Analyst, GS-8, and then in July 2003, she was promoted to GS-9. I think she will be promoted to GS-11 soon.

In 2002, I received a $300 award. Patricia Brechtel and Barbara Nelson also received $300 each. In 2003, we all received certificates and personal DVD players, except Pat Brechtel. She said that she did not receive an award because she had been promoted twice during the year. Ann Schaeffer received a monetary award of $5,000.

My former supervisor, Marshall Dantzler, asked me to assist in the training of the three women mentioned above. Robert Bass has also asked me to do the same.

Regarding training, I spoke with Robert Bass, (age 51, white), about taking training. He said "not at this time," but gave no reason. After this denial, I never asked about training again. I did not make any written requests.

The white females in the office have received training paid for by the Agency or were reimbursed.

I received a pass rating in October 2002. At the evaluation, M r. Bass gave me a list of improvements that I needed to make in my position. Tricia Brechtel typed the list for Mr. Bass. He did not discuss any of the items on the list with me at that time or later. I asked Mr. Bass at that time if he knew what I did and he said no. No one had ever discussed any improvements or performance issues with me before October 2002.

The fund reviews that I do go through him. Barbara Nelson, who is not my direct supervisor, sometimes reviews my work. I do consult her with problems sometimes. In addition, she also consults me on various matters.

I know the work better than anyone in the office. My co-workers come to me for assistance. In fact, I walked Barbara Nelson through the new system.

Paula North, age 38, Black, is a Budget Analyst, GS-11. She and I help each other.

As soon as Pat Brechtel came to the office, Steve Wiyatt started asking her for reports on my accounts. This is no longer happening.

I spoke to Robert Bass in October 2001 about my promotion. He said that since we were in a new system he wanted to see how well I performed for one year. I told him that I had already waited two years.

EXHIBIT _____1_____

PAGE __2__ OF __3__ PAGES

(Initials)

000023

2

In September 2002, I spoke with Joseph Reilly, (age 51, white), about the disparity in promotions in the office. He is the director of Field Operations. He said at that time that they can promote anyone they like, when they [2]pleased. I later spoke with Ron Bosecker, Administrator, National Agricultural Statistics Service, (age 56 or 57, white). I told him that I knew that Ann Schaeffer's promotion was in the works. He said that he knew Ann had worked in the field office before. I don't know what that meant. To me, this had nothing to do with what we performed in Headquarters.

In July 2003, Robert Bass and I participated in mediation. No settlement was reached. I found out during this time that Mr. Bass said a lot of things that were not true.

There was an incident in the office between me and Dien Nguyen. She said that I threatened her. She called the Federal Protection Police and they came and took statements from the both of us. The officer told me that Dien was changing her story and not to worry. Nothing ever came of this. I sent a memo to Mr. Bass explaining what happened that evening. The next day Mr. Bass called me in his office to talk about the incident. Trish remained in his office during this time. He told me that someone from ARS would call me and possibly set up a meeting. I said okay.

Presently, I am stressed and participate in counseling through EAP. The counselor has recommended that I take stress management classes.

*RESOLUTION*
I want to be promoted to GS-11, retroactive to 2001, when I should have received the promotion.

I have reviewed this statement, which consists of __3__ pages, and hereby solemnly __✓__ swear and ____ affirm that it is true and complete to the best of my knowledge and belief. I understand that the information I have given will not be held confidential and may be shown to the interested parties as well as made a permanent part of the record of investigation.

_____          _19 March 2004_
(Signature of Affiant)                                              (Date)

Signed before me at Washington, DC on this __19th__ day of March 2004.

_____
Anita L. Irving, EEO Investigator

EXHIBIT_____7_____

PAGE__3__ OF _3_ PAGES

(Initials)

# EXHIBIT 4

## REE MISSION AREA - AGRICULTURAL RESEARCH SERVICE
### EEO COUNSELOR'S REPORT

| | |
|---|---|
| **EEO COUNSELOR:** | Calvin Jacob |
| **CASE NUMBER:** | 03- 41 |
| **EEO/ADR MEDIATION PROGRAM :** | No |
| **AGENCY:** | Civil Rights Staff<br>Office of the Administrator<br>USDA, Agricultural Research Service<br>1400 Independence Ave., SW<br>Room 3552 - South Building<br>Washington, DC 20250-0304 |
| **DATE OF REPORT:** | August 18, 2003 |
| **TELEPHONE NUMBER:** | (202) 720-3410 |
| **FAX:** | (202) 690-0094 |

## INFORMATION ABOUT THE COMPLAINANT

| | |
|---|---|
| **Name:** | Weal, Linda |
| **Title/Series/Grade:** | Budget Analyst<br>GS-560-9 |
| **Area:** | Washington, DC |
| **Org. Unit:** | Budget & Administrative Services Office |
| **Status:** | Permanent |

000008

EXHIBIT ___1___

PAGE__1__ OF _4_ PAG

Weal, Linda

Work Address:                          1400 Independence Ave, SW
                                       Washington, DC 20250 Rm: 4128

Work Telephone:                        (202) 720-4382

Home Telephone:

                                       N/A
Fax:
                                       Lindaweal@nass.usda.gov
E-Mail:
                                       No
Anonymity:
                                       No
Union:
                                       N/A
Complainant Representative:

Address & Telephone Number:


                                       N/A
Fax:

                                       N/A
E-Mail:


## COMPLAINT INFORMATION


                                       Age 52 (1-9-51), Race (black)
Bases of Complaint:

                                       Denied Promotion
Issue(s) of Complaint                  June 17, 2003
(including date of each issue):


000099                    EXHIBIT____ 1
                                 -2-   PAGE__ 2 OF 4 PA(

Weal, Linda

## RESPONDING OFFICIALS

Name/Title:

Robert Bass
Associate Deputy Administrator
for Field Operations

Address:

1400 Independence Ave., SW
Washington, DC 20250
Rm: 4133

Telephone:

(202) 720-8220

Relationship to Complainant:

1st line Supervisor

Name, Title, Work Address,
Telephone Number, and Nature
Involvement of Others in The Case:

N/A

## COUNSELING PROCESS

Date of Initial Contact:

June 17, 2003

If contact beyond 45 days of issue(s),
Reason given by Complainant:

N/A

Initial Contact with EEO Counselor:

June 18, 2003

Extension Granted:

No

Expiration Date of Extension:

N/A

Date Notice of Right to File Issued:

July 29, 2003

Date Counselor's Report Issued to OCR:

OCT 2 9 2003

EXHIBIT____1____

000010

PAGE__3__OF__4__PAGES

Weal, Linda

**THE ISSUES:**

The Complainant stated she was promoted to the position of Budget Analyst GS 9/11 in October 1999. After the successful completion of 1 year at the GS-9 the Complainant stated she has been denied a promotion to the GS-11.

## SPECIFIC CORRECTIVE ACTIONS REQUESTED BY COMPLAINANT:

Promotion to GS-11 and back wages from October 1999 to present.

## FACTS DEVELOPED IN THE INQUIRY:

The Complainant is a GS-9 Budget Analyst.

The Complainant was denied a promotion to the GS-11.

**RESOLUTION EFFORTS:**

The Complainant and the Complainant's supervisor agreed to mediation. Mediation was held but not successful.

**CLOSURE:** Resolution was not achieved.

__Calvin Jacob_____          _8-18-03_____
Name of EEO Counselor                    Date

*Calvin Jacob*
Signature of EEO Counselor

cc: Weal Linda
    OCR