UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA P. WEAL

      Plaintiff,                                     Civil Action no. 06-1830 (GK)

     v.

MIKE JOHANNS
SECRETARY OF AGRICULTURE

      Defendant.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff opposes defendant's motion to dismiss or, in the alternative, for summary judgment on the grounds that the complaint herein properly states a claim and there are genuine issues of material fact precluding summary judgment. Defendant's motion does not deal with the merits of plaintiff's complaint but only whether she failed to see an EEO counselor in a timely manner.

## RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to local civil rules 56.1 and 7(h), plaintiff responds to defendant's statement of material facts as to which there is no genuine issue, using the same numbers:

1. Admitted

2. Admitted

3. Admitted except plaintiff's position was a career ladder GS-9/11, not a step 11. There is no step 11 in the GS system, as defendant should know.

4. Admitted but plaintiff states further that the white females who worked in her office with the same job title, budget analyst, started in the position several years after she did but were all promoted to an equal or higher grade in a relatively short period of time. In addition, plaintiff was required to train all of the new hires (all Caucasian) prior to their promotions. See January 5, 2007 declaration of plaintiff, exhibit 4 hereto, at ¶2.

5. Admitted in part; Mr. Bass told plaintiff to wait until after the implementation of the new FFIS computer system and come back in a year. See defendant's exhibit 1 at page 2.

6. Admitted

7. Admitted except plaintiff was not in a field office. See exhibit 4 hereto at ¶3

8. Admitted

9. Denied; some time in April or May of 2003, plaintiff spoke to agency EEO official Rafael Sanchez about her promotion problem and he referred plaintiff to Bessie Neverson or Calvin Jacob. He wrote their phone number down and gave it to

plaintiff. Calvin Jacob returned plaintiff's call in June of 2003 and set up an appointment with plaintiff. Sanchez did not mention any 45 day deadline for contacting an EEO counselor. Exhibit 4 hereto at ¶4. There were no posters in plaintiff's work area between 2001 and 2003 advertising the 45 day time limit for seeing an EEO counselor. See declaration of Phoebe Hilliard, exhibit 5 hereto.

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE ARE GENUINE ISSUES

Pursuant to local civil rules 56.1 and 7(h), plaintiff submits her statement of material facts as to which there are no genuine issues.

1. Whether plaintiff knew or should have known of the 45 day deadline for seeing an EEO counselor. See exhibits 1, 2, 4 and 5 hereto.

2. Whether the 45 day period should be extended under 29 C.F.R. §1614.105(a)(2). See exhibits 1, 2, 4 and 5 hereto.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff submits defendant has failed to meet his burden on dismissal or summary judgment since there are genuine issues of material fact as to whether

plaintiff properly exhausted her administrative remedies prior to bringing this suit. Therefore, defendant's motion should be denied.

## I. INTRODUCTION[1]

Plaintiff was not aware of the time limit for seeing an EEO counselor under the Equal Employment Opportunity Commission regulations. See declaration of complainant submitted at the Equal Employment Opportunity Commission level, dated January 3, 2006, exhibit 1 hereto and supplemental declaration of complainant dated January 17, 2006, exhibit 2 hereto. Therefore, under the applicable Equal Employment Opportunity Commission regulation, 29 C.F.R. §1614.107, her contact with the counselor should be considered timely.

## II. FACTUAL BACKGROUND

Plaintiff incorporates by reference paragraph 5 of her complaint herein and exhibits 1-5 hereto. After proceeding without an attorney at the agency level prior to counseling and during the investigative stage, plaintiff retained the undersigned on November 4, 2004. See declaration of Joel P. Bennett, exhibit 3 hereto, at ¶2. The agency accepted plaintiff's complaint as timely in December of 2003. Id. at ¶3.

---

[1] For the convenience of the court, plaintiff will follow the outline and headings of defendant's memorandum of law. However, defendant's memorandum goes from section III to section V without a section IV. Plaintiff's document goes from III to IV.

## III. STANDARD OF REVIEW

### A. MOTION TO DISMISS

"For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. <u>Abigail Alliance v. Von Eschenbach</u>." *Henson v. W.H.H. Trice and Company,* civil action no. 04-407 (GK) at page 3, note 4 (D.D.C. Dec. 21, 2006). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The agency has the burden of pleading and proving untimely exhaustion. *Bowden v. United States,* 106 F. 3d 433, 437 (D.C. Cir. 1997); *McCants v. Glickman,* 180 F. Supp. 2d 35, 39 (D.D.C. 2001). Plaintiff submits the defendant has failed to meet his burden here.

### B. MOTION FOR SUMMARY JUDGMENT

"The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 322 (1986)." *Henson, supra,* at page 7.

"In determining whether the movant has met this burden, a court must consider all factual inferences in the light most favorable to the non-moving party. *McKinney v. Dole,* 765 F. 2d 1129, 1135 (D.C. Cir 1985)." *Henson, supra,* at 7.

Summary judgment may be granted only if "there is no genuine issue as to any material fact and ...the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Id. at 249. The drawing of inferences from facts are jury functions, not those of a judge ruling on summary judgment. Id. at 255. Plaintiff submits that there are genuine issues of material fact as to whether she failed to exhaust her administrative remedies. Therefore, summary judgment should be denied.

## IV. ARGUMENT

### A. PLAINTIFF DID NOT FAIL TO EXHAUST HER ADMINISTRATIVE REMEDIES

Complainant was not aware of the 45-day deadline for seeing an EEO counselor and the agency did not provide her notice of the deadline. See exhibit 1 hereto, at ¶2. Therefore, the 45-day period should be extended. See 29 C.F.R. §1614.105(a)(2). See also *Jakubiak v. Perry*, 101 F. 3d 23, 27 (4th Cir. 1996); *Leorna v. Department of State,* 105 F. 3d 548, 551 (9th Cir. 1997). The purpose of the EEO

counseling requirement is to give a federal agency an opportunity to informally resolve an employee's complaint by conducting internal investigations. *Brown v. Marsh,* 777 F. 2d 8, 14 (D.C. Cir. 1985). The agency did so here. The agency has not claimed prejudice from complainant not seeing an EEO counselor earlier. Title VII's exhaustion requirements for suits against federal agencies were not meant to erect a massive procedural roadblock to access to the courts or administrative hearings on the merits. *McRae v. Librarian of Congress,* 843 F. 2d 1494, 1496 (D.C. Cir. 1988).

**B. PLAINTIFF IS ENTITLED TO AN EXTENSION OF THE 45-DAY TIME LIMIT**

The agency accepted the complaint as timely and therefore waived any claim of untimeliness and should be estopped from asserting any such claim**.**  See exhibit 3 hereto at ¶3.

**1. PLAINTIFF'S LACK OF KNOWLEDGE PRECLUDES SUMMARY JUDGMENT**

There are genuine issues of material fact as to whether plaintiff knew or should have known of the 45 day deadline for seeing an EEO counselor and when that 45 day period began. See exhibits 1-5 hereto. The agency has offered no evidence to this court that plaintiff knew of the 45 day deadline or should have known of it.

## 2. PLAINTIFF WAS MISLED BY HER SUPERVISORS

Appellant was lulled into inaction by promises of consideration for promotion by her supervisors. See exhibits 1, 2 and 4 hereto. Therefore, the time period for consulting an EEO counselor should have been tolled. See *Rodriguez v. Airborne Express,* 265 F. 3d 890, 901-02 (9th Cir. 2001); *Jarrell v, United States Postal Service,* 753 F. 2d 1088 (D.C. Cir. 1985); *Sanders v. Veneman,* 131 F. Supp. 2d 225, 230 (D.D.C. 2001)(motion to dismiss based upon failure to contact EEO counselor within 45 days denied since there were factual issues concerning equitable tolling and the agency's promises of promotion); *Seedman v. Alexander's Inc.,* 683 F. Supp. 924 (S.D.N.Y. 1987).

## 3. THE FACTS OF THIS CASE SUPPORT EQUITABLE TOLLING

Equitable tolling is permitted where the plaintiff actively pursues her remedies or has been induced or tricked by her adversary's misconduct into allowing a deadline to pass. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1984). Plaintiff submits there are genuine issues of material fact as to whether her supervisors' induced her to postpone seeing using the agency EEO process. See exhibits 1-4 hereto. This court should also consider the fact that plaintiff was not represented by an attorney at the time the agency contends she should have seen an EEO counselor. Plaintiff relied upon her supervisors as men of good faith and tried to obtain a

promotion without invoking the EEO process. She should not be penalized for trying to obtain her promotion by working within the system without claiming discrimination.

### ORAL ARGUMENT REQUESTED

Plaintiff requests that the Court hold oral argument on this motion.

### CONCLUSION

For the reasons set forth above, defendant's motion should be denied.

/s/ _____ January 5, 2007

Joel P. Bennett
D.C. Bar no. 145227
Law Offices of Joel P. Bennett, P.C.
1208 Eton Court, NW
Washington, DC 20007-3239
202-625-1970
202-625-1973-fax

Attorney for plaintiff

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE

---

**LINDA P. WEAL**

        COMPLAINANT,        EEOC NO. 100-2004-00848X
v.        ADMINISTRATIVE JUDGE
        KURT HODGES

**DEPARTMENT OF AGRICULTURE**

        Agency.

---

DECLARATION OF COMPLAINANT

1. I am an adult citizen of the United States and competent to give this declaration, which is based upon my personal knowledge.

2. I was promoted to the position of Budget Analyst GS-9/11 in October 1999. When I did not receive my non-competitive promotion to grade 11 by February of 2003, I met with Raphael Sanchez, EEO officer for my component of the agency. Mr. Sanchez did not advise me I had 45 days to see an EEO counselor. No one at the agency advised me of the 45 day deadline. I did not see any notices of the 45 day deadline. After meeting with Mr. Sanchez, I sought counseling through the Employee Assistance Program at my agency. I then saw an EEO counselor in June of 2003.

3. When I requested promotion to grade 11 between October 2000 and February 2003, my supervisors always told me to wait and gave me lists of items to do. I did what was requested. By February of 2003, my patience was exhausted. I indicated such in my affidavit in the report of investigation, exhibit 6 at page 3.

I hereby declare unde penalty of perjury that the foregoing is true and correct.

_____/s/_____

Linda P. Weal

Dated: January 3, 2006

EXHIBIT 1                                    Page 2 of  2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE

**LINDA P. WEAL**

        COMPLAINANT,        EEOC NO. 100-2004-00848X
v.        ADMINISTRATIVE JUDGE
        KURT HODGES

**DEPARTMENT OF AGRICULTURE**

        Agency.

SUPPLEMENTAL DECLARATION OF COMPLAINANT

1. I am an adult citizen of the United States and competent to give this declaration, which is based upon my personal knowledge.

2. I have reviewed the agency's response to the notice of dismissal and the agency's exhibits thereto.

3. The poster used as an exhibit by the agency was posted recently in my building. Neither Mr. Sanchez nor anyone else in the agency EEO office advised me of the 45 day deadline for seeing an EEO counselor prior to my first contact with an EEO counselor.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____

Linda P. Weal

Dated: January 17, 2006

Exhibit 2                    Page 1 of 1

## DECLARATION OF JOEL P. BENNETT

1. I am an adult citizen of the United States and competent to give this declaration. The facts set forth below are based upon my personal knowledge. I have been a member in good standing of the District of Columbia bar and the bar of this court since 1972.

2. Ms. Weal retained me on November 4, 2004 when her complaint was at the Equal Employment Opportunity Commission level waiting to be assigned to an Administrative Judge at the Washington Field Office. Prior to that, she had not been represented by an attorney.

3. Plaintiff's agency accepted her formal administrative complaint on December 12, 2003 in a letter signed by Larry Newell, Chief Employment Complaints Division, Office of Civil Rights, without raising any issue of untimeliness of the initial contact with a counselor.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____

Joel P. Bennett

Dated: January 5, 2007

EXHIBIT 3

## DECLARATION OF PLAINTIFF

1. I am an adult citizen of the United States and competent to give this declaration. The facts set forth below are based upon my personal knowledge.

2. White Females who worked in my office with the same job tile of budget analyst started in the position several years after I did but were all promoted to an equal or higher grade as mine in a relatively short period of time. I was required to train all of these new hires prior to their promotions.

3. I worked in the agency headquarters in Washington, DC in a grade 9/11 career ladder position at the time of my retirement.

4. Some time in April or May of 2003, I spoke to agency EEO official Rafael Sanchez about my promotion problem and he referred me to Bessie Neverson or Calvin Jacob. He wrote their phone number down and gave it to me. Calvin Jacob returned my call in June and set up an appointment with me. Sanchez did not mention any 45 day deadline for seeing an EEO counselor or give me any documents indicating there was such a deadline. There were no posters in my work area concerning a 45 day deadline for seeing an EEO counselor prior to my first contact with a counselor in 2003.

Exhibit 4

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____

Linda Weal

Dated: January 5, 2007

Exhibit 4

# DECLARATION OF PHOEBE HILLIARD

I am an adult citizen of the United States and competent to give this declaration. The facts set forth below are based upon my personal knowledge. I am Computer Specialist in National Agricultural Statistics Service (NASS) in Washington, D.C. I am familiar with the office area that Linda Weal worked in from 2001 through 2003. There were no EEO posters in our work area stating that we only had 45 days to contact an EEO Counselor or to file a complaint during the years 2001 through 2003.

    I hereby declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____

Phoebe Hilliard

Dated: January 5, 2007

Exhibit 5