## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA P. WEAL** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.: 06-1830 (GK)** |
| ) | |
| **v.** ) | |
| ) | |
| **MIKE JOHANNS, SECRETARY** ) | |
| **U.S. Department of Agriculture** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Mike Johanns, Secretary of the United States Department of Agriculture, respectfully responds to Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.

Plaintiff's opposition does not, in any way, dispute that she suspected that she was the victim of discrimination for almost three years prior to the time that she contacted an Equal Employment Opportunity ("EEO") counselor.   (Cf. Defendant's Statement of Material Facts as to Which There is no Genuine Issue ("Def.'s Stmt") ¶ 3 with Plaintiff's Response to Defendant's Statement of Material Facts as to Which There is no Genuine Issue ("Pl.'s Stmt.") ¶ 3).  Rather, Plaintiff contends that she should be excused from complying with the 45-day time frame in which to have initiated contact with an EEO counselor because she was unaware of this 45-day requirement and she was allegedly "misled" by her supervisors.  (Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Pl.'s Opp'n") at 7-8).  These facts, according to Plaintiff, warrant application of equitable tolling.  (Id.).  In addition, Plaintiff, in one sentence, claims that Defendant should be estopped from asserting any

untimeliness defense.  (Id. at 7).  Plaintiff's arguments are without merit, and dismissal, or in the alternative, summary judgment, is warranted in Defendant's favor.

## ARGUMENT

## I.    DEFENDANT IS NOT ESTOPPED FROM RAISING AN UNTIMELINESS DEFENSE.

Without citing any authority, Plaintiff contends that "[t]he agency accepted the complaint as timely and therefore waived any claim of untimeliness and should be estopped from asserting any such claim."  (Pl.'s Opp'n at 7).  Plaintiff's one-sentence argument is neither compelling nor accurate.  "It is a 'well-settled rule that federal agencies do not waive a timeliness defense merely by accepting and investigating a discrimination complaint.'"  Syrkin v. State Univ. of New York, No. Civ.A. 04-4336, 2005 WL 2387819, at *8 (E.D.N.Y. Sept. 29, 2005) (citation omitted).  Rather, contrary to Plaintiff's unsupported assertion, "a federal agency waives the defense only by making an express finding that the complaint was timely or failing to appeal an EEOC determination of timeliness."  Id. (citations and internal quotation marks omitted).  In this case, the Agency explicitly raised the timeliness defense in its administrative filings, and indeed the EEOC agreed that Plaintiff's complaint was not timely and that equitable tolling was not available to salvage her untimely claims.  (Exhibit ("Ex.") A, EEOC Dismissal Order dated January 23, 2006, at 2-3).  The Agency decided to fully implement the decision of the EEOC, (Ex. B, Final Order, dated March 17, 2006), and the Agency's decision was affirmed.  (Ex. C, Decision of Office of Federal Operations, dated July 25, 2006).  Accordingly, Defendant is not estopped from raising a timeliness argument before this Court.

II.    **THE FACTS OF THIS CASE DO NOT WARRANT APPLICATION OF EQUITABLE TOLLING.**

Equitable tolling is only available to a plaintiff where "despite all due diligence, he is unable to obtain vital information bearing on the existence of his claim." Currier v. Radio Free Europe/Radio Liberty, Inc., 159 F.3d 1363, 1367 (D.C. Cir. 1999). "Although the 45-day limit may be equitably tolled, it is extended 'only in extraordinary and carefully circumscribed instances." Carter v. Greenspan, 304 F. Supp. 2d 13, 22 (D.D.C. 2004) (citation omitted).

Plaintiff contends that the time in which she should be held to have initiated contact with an EEO counselor should be extended because (1) she was unaware of the 45-day deadline for contacting an EEO counselor and (2) she was "lulled into inaction . . ." by her supervisors. (Pl.'s Opp'n at 7-8). As Defendant previously argued, neither of Plaintiff's arguments warrants application of the extraordinary remedy of equitable tolling.[1]

A.    **PLAINTIFF WAS NOT ENTITLED TO WAIT FOR THREE YEARS AFTER SHE SUSPECTED DISCRIMINATION TO ASSERT HER CLAIMS.**

Plaintiff seeks to excuse herself from the requirement of initiating contact with an EEO counselor within 45-days of the alleged discriminatory conduct because she claims that she "was not aware of the 45-day deadline for seeing an EEO counselor and the agency did not provide

---

[1]Plaintiff alludes to the fact that the Agency does not claim prejudice as a result of her failure to timely contact an EEO officer, implying that tolling is justified on this basis. (Pl.'s Opp'n at 7). This implication is without merit. As the Supreme Court has held, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). Thus, while a lack of prejudice may be "a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." Id.

her notice of the deadline." (Pl.'s Opp'n at 6). Although the agency vehemently disputes Plaintiff's representations before this Court that there were no posters notifying her of the 45-day deadline in her work area, for purposes of summary judgment, Defendant submits that the Court should accept as true Plaintiff's contention that she did not have notice of the 45-day deadline in which to contact an EEO counselor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (the court must view all of the facts, and the inferences to be drawn from them, in a light most favorable to the non-moving party). That issue aside, Plaintiff cannot rely upon equitable tolling to excuse her failure to take any action on her suspected claims of discrimination for three years.

This is not a case where Plaintiff diligently pursued her rights. Rather, Plaintiff sat by while her non-African American co-workers, some of whom she alleges to have trained (Pl.'s Stmt. ¶ 4), received the promotion that she claims she was entitled to have received after one year at the GS-9 level. (Compl. ¶ 5; Ex. 1, at 2).[2] Despite raising her request for a promotion as early as 2001, and allegedly being told in 2002 by the Director of NASS, Mr. Reilly, that the Agency could "promote anyone they like, when they please[ ]" (Ex. 3, at 3), Plaintiff contends that she was entitled to wait another year before seeking to contact an EEO counselor. This is clearly not a situation where equitable tolling is warranted. Baldwin Cty. Welcome Ctr., 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

More importantly, at no point does Plaintiff state that she was unaware that there were EEO counselors available to her. It is simply inconceivable that Plaintiff, an employee of the

---

[2]Unless otherwise indicated, references to exhibits are to the exhibits Defendant previously filed with his motion to dismiss, or in the alternative, for summary judgment.

Department of Agriculture for over 20 years, was unaware of the EEO complaint procedure.

Clearly, at some point in 2003, Plaintiff knew enough to contact Mr. Rafael Sanchez, an EEO

officer for her component of the agency. (Pl.'s Opp'n, Ex. 1, ¶ 2). Plaintiff does not contend she

did not know Mr. Sanchez was the EEO officer for her component of the agency prior to 2003.

Rather, Plaintiff's contention is that she did not know such contact had to be initiated within 45-

days of the time she first suspected discrimination because there were no posters in her work

area. (Pl.'s Opp'n, Ex. 4, ¶ 4). Yet, if Plaintiff knew to contact Mr. Sanchez in 2003, she should

at the least have known to contact him promptly after she first suspected she was the victim of

discrimination, which was as early as October 2001. (Compl. ¶ 5); see Guarino v. Potter, No.

Civ.A. 02-3323, 2003 WL 22439799, at *12 (E.D. La. Oct. 27, 2003) (holding that equitable

tolling was not available to a postal employee who had worked for the postal service for 10 years

where it was clear the employee received some notice of the EEO process, which obligated

plaintiff "'to investigate [the] terms and conditions' of the process.") (citation omitted). This

Court should not condone Plaintiff's lack of initiative in pursuing her claims when clearly she

knew how to initiate the EEO process when she was ready to do so.

### B.  PLAINTIFF WAS NOT MISLED BY HER SUPERVISORS.

Even assuming, arguendo, that Plaintiff was not aware of the 45-day deadline, to warrant

equitable tolling, Plaintiff must show that her supervisors "engaged in affirmative misconduct

that caused plaintiff to miss the deadline[,]" Carter, 304 F. Supp. 2d at 23, or that she was

misled about her rights. Washington v. WMATA, 160 F.3d 750, 753 (D.C. Cir. 1998). As

Defendant argued previously, (Def.'s Mem. at 9-10), at no time did any of Plaintiff's supervisors

make any statements that could be construed as "misleading" Plaintiff about her rights. In her

5

declaration, submitted during the administrative process, Plaintiff claimed that her "supervisors always told [her] to wait and gave me lists of items to do."  (Pl.'s Opp'n, Ex. 1, ¶ 3).  At no time, however, does Plaintiff assert that any of her supervisors promised her a promotion if she were to "wait" until a specified date.  Nor does she claim that she was ever discouraged from filing an EEO complaint.  In the absence of these type of affirmatively misleading comments, Plaintiff's argument lacks substance.  Cf. Jones v. Greenspan, 445 F. Supp. 2d 53, 58 (D.D.C. 2006) (concluding that equitable tolling was warranted where the employee was explicitly promised a promotion).

Plaintiff makes the conclusory and unsupported statement that "there are genuine issues of material fact as to whether her supervisors' [sic] induced her to postpone seeing  [sic] using the agency EEO process." (Pl.'s Opp'n at 8).  However, there is nothing in the record that Plaintiff has pointed to that would support a finding that her supervisors affirmatively misled Plaintiff about her rights or made any promise of a promotion to her.  Because that fact is established, equitable tolling is not warranted based on Plaintiff's unsupported claim that her supervisors "lulled [her] into inaction . . . ."  (Id.); Baldwin Cty. Welcome Ctr., 466 U.S. at 152 (holding that equitable tolling was not justified in a case where there was no evidence that "affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.") (citations omitted).

**CONCLUSION**

For the reasons set forth above, and in Defendant's initial motion for dismissal, or alternatively, for summary judgment, Plaintiff's complaint should be dismissed with prejudice.

Respectfully submitted,


    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANT

Of Counsel:

Marnie G. Ganotis
Agency Counsel
United States Department
of Agriculture
South Building, Room 3312-S
1400 Independence Avenue, S.W.
Washington, DC 20250-1400

# EXHIBIT A



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington Field Office

1801 L Street, N.W.
Suite 100
Washington, DC 20507
(202) 419-0710
TTY (202) 419-0702
FAX (202) 419-0701
1-800-669-4000

| | |
|---|---|
| Linda P. Weal, | ) EEOC No. 100-2004-00848X |
| Complainant, | ) Agency No. USDACR030628 |
| | ) |
| v. | ) |
| | ) |
| Mike Johanns, Secretary, | ) |
| U.S. Dept. Of Agriculture, | ) |
| Agency. | ) |
| | ) |
| | ) |
| | ) Date:   January 23, 2006 |

### DISMISSAL ORDER

1.    Procedural History

On December 7, 2005, Administrative Judge Kurt C. Hodges issued a Notice Of Dismissal pursuant to 29 C.F.R. §1614.107 (a)(2) informing the parties of his intent to dismiss the above-captioned matter due to untimely EEO counselor contact.  Administrative Judge Hodges ORDERED the parties to submit written responses to the Notice no later than January 10, 2006.  Both parties filed written responses on that date. On January 17, 2006, the Complainant filed a Motion For Leave To File A Supplemental Declaration In Response To The Notice Of Dismissal.  The Agency filed a Motion To Supplement Its Brief In Support Of Dismissal on the same day.

II.    Applicable Law

29 C.F.R. ¶1614.105 requires employees to initiate contact with an EEO counselor within 45 days of the date that the alleged discrimination occurred.  Complainant did not argue that her EEO counselor contact was timely.  Instead, Complainant alleged that she was unaware of the 45 day time requirement for initiating counselor contact.  She also argued that the Agency waived any claim of untimeliness and was

estopped from asserting such claim.  *See* Complainant's Response To Notice Of Dismissal, p. 1, January

10, 2006.

III.   Analysis

        In many instances, an employee does not contact an EEO counselor within 45 days of an alleged

discriminatory act.  In general, either the Agency or the Administrative Judge may dismiss the untimely

claim(s) unless the employee can successfully invoke the continuing violation doctrine or demonstrate that

the 45 day time requirement should be extended.  The employee may also demonstrate either that the Agency

waived the timeliness objection or that statutory requirement for pre-complaint counseling is subject to the

equitable doctrines of tolling or estoppel.  I explore each of these theories in greater detail below.

        First, based upon my careful examination of the ROI, I find that the continuing violation doctrine is

inapplicable because Complainant alleges that she was not promoted to the GS-11 grade level during October

2001, 2002, 2003, and continuing.  I find that each non-promotion constitutes a discrete act and that

Complainant was required to initiate pre-complaint counseling within 45 days of each non-promotion

notwithstanding the fact that each event may be interrelated or connected in some way.[1]

        Second, I find that Complainant did not provide evidence which demonstrates that the Administrative

Judge should extend the 45 day time requirement for initiating counselor contact pursuant to 29

C.F.R. §1614.105 (a)(2).[2]    Record evidence reveals that Complainant spoke with Robert Bass, Associate

Deputy Administrator for Field Operations, during October 2001 about her promotion and was told to come

back in one year.  Complainant alleges that she reminded him it had been two years since she was promoted

---

[1]      *See National Railroad Passenger Corp. v. Morgan*, 122 S. Ct. 2061 (2002) (*holding* that
when a so-called "serial violation" claim involves discrete acts by an employer that, standing alone,
would be actionable, a claim must be brought within the appropriate statute of limitations for each act.  In
federal sector cases, this means that the Complainant must initiate pre-complaint counseling within 45
days of the act he or she believes is discriminatory).

[2]      This provision specifies that the Commission shall extend the 45 day time requirement for
initiating counselor contact if the employee demonstrates that he/she was not notified of the time limits
or was not otherwise aware of them, that he/she did not know and reasonably should not have known that
the alleged discriminatory matter or personnel action occurred, that despite due diligence he/she was
prevented by circumstances beyond his/her control from contacting a counselor within the time limits, or
for other reasons deemed sufficient by the Commission.

Jan-24-06   03:01pm   From-E E O C                    +2022756834          T-591   P.0047008   F-173

to the GS-9 level. Complainant also alleges that she spoke with Mr. Joseph Reilly, Administrator for Field

Operations, during September 2002 about the disparate treatment she received as compared to white females

and that he told her that they could promote anyone they like when they pleased. (ROI, Exhibit 6, p. 3) I

find that this evidence demonstrates that Complainant believed that she was being subjected to discrimination

as early as September 2002, but failed to initiate pre-complaint counseling.

      I also find that Complainant did not provide specific evidence in her Response which demonstrated

that she was prevented by circumstances beyond her control from contacting an EEO counselor or that other

circumstances existed which warrant extending the time period for initiating EEO counselor contact.

Complainant requests that the Administrative Judge extend the deadline for initiating EEO counselor contact

because she was unaware of the 45 day time requirement and the Agency did not provide her notice of the

deadline.

      However, the Agency provided a sworn declaration of Rafael Sanchez, Civil Rights Director,

National Agricultural Statistics Service (NASS), who attested to the fact that he worked in the same building

as Complainant during the relevant time period (2001 to 2004) and that there were posters placed around her

workplace that explained her EEO rights and responsibilities. The Agency provided a copy of a poster

containing information about EEO rights and responsibilities that Mr. Sanchez indicated was placed around

Complainant's workplace. Mr. Sanchez attested to the fact that he gave copies of such posters to Mr. Joseph

Reilly, and that Mr. Reilly's secretary posted them on the doors within his work unit and on the wall in the

reception area where the three top supervisors, including Mr. Bass, Complainant's first line supervisor, were

located. *See* (Agency's Brief In Support Of Dismissal, Declaration of Rafael Sanchez, pp. 1-2, ¶s1-12,

January 10, 2006).

      In response to the above-mentioned evidence, Complainant provided a supplemental declaration and

attested to the fact that the poster contained within the Agency's Brief, attached as Exhibit B, was "recently"

posted in her building. Complainant attested to the fact that neither Mr. Sanchez nor anyone else in the

Agency EEO Office advised her of the 45 day requirement for initiating counselor contact. *See*

(Complainant's Motion For Leave To File Supplemental Declaration In Response To Notice Of Dismissal,

Declaration of Complainant 1, ¶3) Although Complainant indicated poster was posted recently, she

failed to specifically identify the approximate date, month and/or year that the poster was actually posted.

More importantly, Complainant failed to provide specific evidence which created a genuine credibility issue

regarding Mr. Sanchez' sworn testimony that there were posters placed around Complainant's work area

during the relevant time period, including the reception area where Complainant's first line supervisor

worked.   Complainant did not attest to the fact that there was not a poster placed in the reception area nor

did she indicate that she had not viewed the poster during any of her interactions with her first line supervisor

or others.  Based on the Agency's undisputed evidence, I find that it  has demonstrated that Complainant

had "constructive knowledge" of the 45 day time requirement for initiating contact with an EEO counselor.

I also find no justification for extending the time requirement for EEO counselor contact.

Third, I find that Complainant's argument that the Agency accepted Complainant's complaint as

timely and therefore waived any claim of untimeliness is unpersuasive.  The Commission has consistently

held that pre-complaint counseling is a requirement that cannot be waived, by either the employee or the

Agency.  The only exception to this general rule is that a complaint may be amended if a new claim is "like

or related" to an existing claim that is timely filed.  In the instant case, the Agency notified the Complainant

that it accepted her claim of discriminatory non-promotion and were referring the claim for investigation.

Complainant did not provide evidence which demonstrated that the Agency communicated to her  a decision

that her EEO counselor contact was timely or that it issued a decision addressing the merits of her EEO

complaint.   I do not find that Complainant has provided specific evidence in her Response which

demonstrates that the Agency waived its claim of untimeliness.[3]

Finally, I find that Complainant has not provided specific evidence which demonstrates that the

equitable doctrine of estoppel is applicable.   Under the estoppel theory, an Agency can be prevented from

asserting timeliness as a bar to a complaint if equity favors preventing the Agency from raising the defense.

Under the estoppel doctrine, the focus is shifted from an examination of Complainant's understanding of the

---

[3]    See Kamoven v. U.S. Postal Service, EEOC No. 01831562 (1987)( citing Oaxaca v.
Roscoe, 641 F.2d 386 (5th Cir. 1981)).  See also Ziman v. U.S. Postal Service, EEOC No. 01842595
(1986).

Jan-24-06    03:02pm    From-E E O C                              +2022756834                    T-591   P.006/008   F-173

nature of the adverse action, his/her reasons for missing the time limit in initiating counselor contact to

the actions of the Agency that allegedly prevented Complainant from timely initiating counseling.

In the instant matter, Complainant failed to provide specific evidence which demonstrated that the

Agency took any actions such as issuing a Decision on the merits of the complaint, issuing specific findings

regarding the timeliness issue, provided erroneous information, or other action(s) which adversely impacted

her ability to timely initiate EEO counselor contact. I find that Complainant failed to provide specific

evidence, other than her argument that the Agency accepted her claim, which demonstrates that the Agency

should now be estopped from asserting an untimeliness claim.[4]

Accordingly, I hereby dismiss the above-captioned matter pursuant to 29 C.F.R.§1614.107 (a)(2) and

109(b) and ORDER the Agency to take final action on the complaint within 40 calendar days from the date

of receipt of this ORDER pursuant to 29 C.F.R.§1614.110.

It is so ORDERED.

Kurt C. Hodges
Administrative Judge
Telephone: (202) 419-0710
Facsimile: (202) 419-0701

---

[4]    See *Tanski v. Defense Investigative Service*, EEOC No. 05840036 (1985); *Shields v. Secretary of Transportation, FAA*, 01941919 (1994); *Lewis v. Secretary of Treasury*, EEOC No. 01981738 (1999); and *Battey v. Small Business Administration*, EEOC No. 01993312 (1999).

Jan-24-06   09:02pm   From-E E O C                    +2022756834              T-591   P 007/008   F-173



## CERTIFICATE OF SERVICE 

For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER on **January 23, 2006**, via facsimile at the following telephone numbers:

Joel P. Bennett, Esq.
202-625-1973

Marnie G. Ganotis, Esq.
202-720-4089

Kurt C. Hodges
Administrative Judge

# EXHIBIT B

7003 3110 0003 7112 7613
7620

✓sam

**USDA**

# UNITED STATES DEPARTMENT OF AGRICULTURE
## Office of Civil Rights

ud States
_-partment of
Agriculture

Office of the
Assistant Secretary
for Civil Rights

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

|  |  |
|---|---|
| Linda P. Weal, ) | |
| Complainant, ) | |
| ) | |
| v. ) | |
| ) | |
| Mike Johanns, ) | |
| Secretary, ) | |
| Department of Agriculture, ) | |
| Agency. ) | |

USDA Complaint No.: NASS-2003-01018
(formerly 030628)
EEOC No.: 100-2004-00848X

## FINAL ORDER

In accordance with 29 C.F.R. § 1614.110, this is the final order of the United States Department of Agriculture (USDA) regarding EEOC No. 100-2004-00848X, USDA Complaint No. NASS-2003-01018 (formerly 030628).

On January 23, 2006, the Equal Employment Opportunity Commission Administrative Judge (EEOC AJ) issued a Dismissal Order pursuant to 29 C.F.R. § 1614.107(a)(2) dismissing the complaint. It is the decision of the USDA to fully implement the EEOC AJ's decision.

Enclosed is a notice of the Complainant's right to appeal.

Sadhna G. True
Director

MAR 17 2006
Date

Enclosure

AN EQUAL OPPORTUNITY EMPLOYER

**U. S. DEPARTMENT OF AGRICULTURE**
**Office of Civil Rights**
**Complaint of Employment Discrimination**

| | |
|---|---|
| **Complainant:** | Linda P. Weal |
| **Complaint No.:** | NASS-2003-01018 (formerly 030628) |
| **Agency:** | National Agricultural Statistics Service |

**Certificate of Service**

I certify that the documents listed were sent on this date by certified mail (unless otherwise specified) to:

Complainant:
Linda P. Weal
407 Knells Road
Chesapeake, Virginia 23320

Complainant's Representative:
Joel P. Bennett
The Law Offices of Joel P. Bennett, P.C.
1208 Eton Court, NW
Washington, D.C. 20007-3239

Agency Head:
Ron Bosecker *(interoffice mail)*
Administrator
National Agricultural Statistics Service
Room 5041-S, South Building

Agency Liaison:
Rafael Sanchez *(interoffice mail)*
Director, Civil Rights
National Agricultural Statistics Service
Room 4116-S, South Building

Agency Representative:
Marnie G. Ganotis
USDA, Office of General Counsel
Civil Rights Division, Room 3312-S
1400 Independence Avenue, SW
Washington, D.C. 20250-1400

EEOC Administrative Judge:
Kurt C. Hodges *(first class mail)*
Administrative Judge
U.S. Equal Employment Opportunity Commission
Washington Field Office
1800 L Street, N.W., Suite 100
Washington, D.C. 20507

Enclosures:    Final Decision dated  3/17/04
EEOC Form 573 (to the complainant and representative only)

Certified by: _Ronde Buck_    Date: _3/17/04_

# EXHIBIT C

**Westlaw Download Summary Report for AGRICULTURE DEPT 3283329**

| | |
|---|---|
| Your Search: | CA(AGRICULTURE) & DA(LAST 30 DAYS) |
| Date/Time of Request: | Monday, August 07, 2006 13:15:00 Central |
| Client Identifier: | BANKS |
| Database: | FLB-EEOC-ALL |
| Citation Text: | EEOC DOC 01A62667 |
| Lines: | 112 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

E.E.O.C.

**\*1 Office of Federal Operations**

LINDA P. WEAL, COMPLAINANT,
v.
MIKE JOHANNS, SECRETARY, DEPARTMENT OF AGRICULTURE, AGENCY.
Appeal No. 01A62667
Agency No. NASS200301018
Hearing No. 100a40848x

July 25, 2006

DECISION

Complainant filed a timely appeal with this Commission from the agency's decision dated March 17, 2006, dismissing her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. Upon review, the Commission finds that complainant's complaint was properly dismissed, pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. In her complaint, complainant alleged that she was subjected to discrimination on the bases of race (African-American) and age (D.O.B. 01/09/51) when she completed one year in her position at the GS-9 level and was not promoted to the GS-11 level in October 2001 and thereafter.

The record discloses complainant initially contacted an EEO Counselor about her complaint on June 17, 2003. She subsequently filed a formal complaint, and eventually requested a hearing before an EEOC Administrative Judge (AJ). On December 7, 2005, the AJ dismissed the complaint, pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. The agency, in its final decision, adopted the AJ's dismissal.

A review of the record reveals that complainant provided an affidavit on February 2, 2004 to an EEO investigator in which she details the

allegation in her complaint. In that affidavit, she avers she spoke
with a management official in October 2001 about her promotion, but he
told her to wait for the implementation of the new computer system and
to come back in a year. Complainant indicated that a year later, in
September 2002, she again raised the promotion issue with management,
including raising the issue of the "disparity" between the promotion
rates of white females and black females like herself. EEOC regulations
require a complainant to initiate EEO Counselor contact within 45 days
of the date the alleged discrimination occurred. It is clear from
complainant's affidavit that she believed she was the victim of
discrimination no later than September 2002, but did not seek EEO
counseling until June 2003, well beyond the 45 day limitation period.
On appeal, the Commission finds complainant has presented no persuasive
arguments or evidence warranting an extension of the time limit for
initiating EEO Counselor contact. Accordingly, the agency's final
decision dismissing complainant's complaint is affirmed.

           STATEMENT OF RIGHTS - ON APPEAL RECONSIDERATION (M0701)

   *2 The Commission may, in its discretion, reconsider the decision in
this case if the complainant or the agency submits a written request
containing arguments or evidence which tend to establish that:
      1. The appellate decision involved a clearly erroneous
interpretation of material fact or law; or
      2. The appellate decision will have a substantial impact on the
policies, practices, or operations of the agency.

   Requests to reconsider, with supporting statement or brief, must be
filed with the Office of Federal Operations (OFO) within thirty (30)
calendar days of receipt of this decision or within twenty (20)
calendar days of receipt of another party's timely request for
reconsideration. See 29 C.F.R. § 1614.405; Equal Employment
Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110),
9-18 (November 9, 1999). All requests and arguments must be submitted
to the Director, Office of Federal Operations, Equal Employment
Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the
absence of a legible postmark, the request to reconsider shall be
deemed timely filed if it is received by mail within five days of the
expiration of the applicable filing period. See 29 C.F.R. § 1614.604.
The request or opposition must also include proof of service on the
other party.

   Failure to file within the time period will result in dismissal of
your request for reconsideration as untimely, unless extenuating
circumstances prevented the timely filing of the request. Any
supporting documentation must be submitted with your request for
reconsideration. The Commission will consider requests for
reconsideration filed after the deadline only in very limited
circumstances. See 29 C.F.R. § 1614.604(c).

           COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

   You have the right to file a civil action in an appropriate United
States District Court within ninety (90) calendar days from the date

that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

RIGHT TO REQUEST COUNSEL (Z1199)

   If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

For the Commission:

*3 Carlton M. Hadden

Director

Office of Federal Operations

 2006 WL 2237110 (E.E.O.C.), EEOC DOC 01A62667

END OF DOCUMENT