### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LINDA P. WEAL** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 06-1830 (GK)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MIKE JOHANNS, SECRETARY** | ) | |
| **U.S. Department of Agriculture** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

### ANSWER

Defendant, Mike Johanns, in his official capacity as Secretary of the United States Department of Agriculture ("Defendant" or "the Agency"), through the undersigned counsel, hereby answers the Complaint filed in the above-styled action.

Defendant responds to the corresponding numbered paragraphs of the Complaint by admitting, denying or stating the following:

1.      This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

2.      Defendant admits that Plaintiff, Linda P. Weal, is an African-American female and that her date of birth is January 9, 1951.  Defendant is without information sufficient to form a belief as to whether Plaintiff is currently a resident of the State of Virginia.  Defendant admits that, for all times relevant to the allegations of discrimination addressed in the Complaint, Ms. Weal was employed as a budget analyst with the Agency's National Agricultural Statistics Service.

3.      Defendant admits that Mike Johanns is the Secretary of the United States

Department of Agriculture and is being sued in his official capacity.

4.      Defendant admits that Plaintiff was employed by the Agency for over 20 years. Defendant admits that Plaintiff retired in August, 2006.  Because the Agency does not maintain performance appraisals indefinitely, Defendant denies that Plaintiff's performance "was always satisfactory or better."  Defendant can only admit that Plaintiff received "fully successful" overall performance ratings for the years 2002, 2003, 2005, and 2006.

5.      Defendant admits that Plaintiff filed an administrative complaint with her agency claiming non-promotion from General Schedule ("GS") 9 to GS-11 based on her age and race. Defendant denies that Plaintiff "requested" a promotion from her supervisor in October 2001. Rather, Defendant states that Plaintiff inquired at that time why she had not been promoted from GS-9 to GS-11.  Defendant denies that Plaintiff's supervisor guaranteed or promised that Plaintiff would be promoted to GS-11 at any point in the future.  Defendant denies that there were no notices posted in Plaintiff's work area informing Plaintiff that she only had 45-days to contact an Equal Employment Opportunity ("EEO") counselor or that Plaintiff was not otherwise aware of the 45-day deadline.  Defendant admits that Plaintiff did not see an EEO counselor until June 2003 but denies that Plaintiff ever received "evasive replies" from her supervisor concerning her promotion from GS-9 to GS-11.  Defendant denies that Plaintiff qualified for an automatic, non-competitive promotion to GS-11 after one year in grade at the GS-9 level. Defendant admits that Plaintiff was promoted from the GS-9 to the GS-11 level on July 10, 2005.

6.      Defendant denies the allegations in contained in paragraph 6.  Defendant states that Plaintiff did not exhaust her administrative remedies because she did not timely contact an EEO counselor within 45-days of the time she believed she had suffered discrimination.

Furthermore, Defendant is without sufficient information at this time to form a belief as to whether Plaintiff filed her federal complaint within 90 days of her receipt of the Equal Employment Opportunity Commission's appellate decision in her administrative case, pursuant to 29 C.F.R. § 1614.407(c). However, to the extent a response is required, Defendant denies.

7.      This paragraph contains conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 7.

8.      This paragraph contains conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 8.

9.      This paragraph contains conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9.

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant states that Plaintiff is not entitled to the relief requested or to any relief whatsoever. Defendant states that Plaintiff is not entitled to a jury trial concerning her claims brought pursuant to the Age Discrimination in Employment Act. Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by § 42 U.S.C. § 1981a and that exemplary damages may not be awarded in this action.

All allegations contained in the Complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

## FIRST DEFENSE

Plaintiff did not timely contact an EEO counselor within 45-days of the discriminatory

event complained of in the Complaint.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant took the actions alleged in the Complaint for legitimate, non-discriminatory

reasons, which Plaintiff cannot establish are pretextual.

## FOURTH DEFENSE

Plaintiff may have failed to exhaust her administrative remedies and her filing may be

untimely.

## FIFTH DEFENSE

Defendant reserves the right to assert affirmatively any other defense that constitutes an

avoidance or affirmance under Fed. R. Civ. P. 8(c)

**WHEREFORE**, Defendant requests that the Court dismiss the Complaint and award

Defendant such other relief as the Court may deem appropriate, including costs.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office

Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Marnie G. Ganotis
Agency Counsel
United States Department
of Agriculture
South Building, Room 3312-S
1400 Independence Avenue, S.W.
Washington, DC 20250-1400