IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA P. WEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1830 (GK) |
| | ) |
| MIKE JOHANNS, Secretary, | ) |
| U.S. Department of Agriculture, | ) |
| | ) |
| Defendant. | ) |

## JOINT STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff Linda P. Weal and Defendant, the United States Department of Agriculture (collectively referred to as "the Parties"), hereby stipulate and agree to settle and compromise the above-captioned action on the terms and conditions set forth in this Joint Stipulation Of Settlement And Dismissal. In order to resolve the matters in dispute in the above-styled action and all other matters related to Plaintiff's employment without further litigation, expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. <u>Release</u>

Plaintiff and Defendant enter into this Joint Stipulation Of Settlement And Dismissal in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in the above action, as well as all other matters related to Plaintiff's employment with the United States

Department of Agriculture. Plaintiff, in consideration of the actions Defendant agrees herein to take, knowingly and voluntarily agrees to accept the terms set forth herein in full satisfaction of any and all claims, demands, rights and causes of action of whatever kind and nature based upon her employment with the Department of Agriculture up to the date Plaintiff signs this Joint Stipulation Of Settlement And Dismissal, including but not limited to the claims asserted in the above-styled action.

In particular, and without limitation, this Joint Stipulation Of Settlement And Dismissal includes all possible claims for damages, backpay, front pay, loss of leave and other benefits, loss of retirement, any adverse tax effects, and equitable relief by Plaintiff against Defendant prior to and including the date Plaintiff signs this Joint Stipulation Of Settlement And Dismissal. Further, and without limitation, this Joint Stipulation Of Settlement And Dismissal includes all possible claims for attorney's fees, costs and expenses that Plaintiff incurred or may incur in connection with this litigation and any other proceeding involving the claims Plaintiff raised or could have raised in this action.

Plaintiff withdraws, with prejudice, the above-styled complaint and all other pending, existing or putative causes of action, charges, complaints and appeals against Defendant in any

forum, whether administrative or judicial. This Joint Stipulation Of Settlement And Dismissal constitutes the full, final and complete relief that Plaintiff may have for the conduct alleged in this action.

Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to her employment with Defendant that are based in any way on action or inaction as of this date by Defendant or Defendant's past or present employees.

Plaintiff acknowledges that by virtue of this Stipulation of Settlement, Plaintiff is waiving rights and claims under various federal laws, including, but not limited to, Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA") and the Older Workers' Benefit Protection Act ("OWBPA"). Plaintiff is represented by counsel in this action, she has conferred with her attorney prior to executing this Stipulation, she has examined and understands the provisions of 29 U.S.C. § 626(f)(1)(A-G), including the provisions of the OWBPA that she be afforded a reasonable time to review and consider this Stipulation, and that the requirements of those provisions are

fully met and satisfied in connection with this agreement.

Plaintiff releases Defendant and its past and present employees, officers, agents and representatives concerning all matters related to her employment with Defendant up to and including the date of this Joint Stipulation Of Settlement And Dismissal.

Defendant releases Plaintiff concerning all matters related to her employment with Defendant up to and including the date of this Stipulation of Settlement and Dismissal, except that, as stated in Paragraph 3, Plaintiff must still satisfy tax filing requirements and other obligations with regard to the proper payment of taxes.

2. In consideration for the promises made herein, the Parties agree to take the following actions:

a) Defendant shall pay to Plaintiff $12,500.00, which shall be in addition to any payments that are due to Plaintiff in connection with her adjusted Civil Service Retirement System ("CSRS") annuity, less applicable withholding, as described more fully below. The $12,500.00 will be paid in a single payment to Plaintiff and delivered to her by way of electronic wire transfer to the account designated by Plaintiff. To facilitate such wire transfer, counsel for Plaintiff shall provide the appropriate account information to effect the wire transfer. The Defendant

will act as expeditiously as possible to facilitate the payment, with the request for payment to be submitted by the United States Attorney's Office, on behalf of the Defendant, to the Treasury Department within ten (10) calendar days of the Court signing and entering this Joint Stipulation on its docket.

    b)  Defendant shall enter a formal Personnel Action in Plaintiff's Official Personnel File indicating Plaintiff was promoted, without back pay, to a GS-11 budget analyst with all appropriate step increases, at an annual salary (including base pay and locality pay) of $53,298.00, as of July 13, 2003, and indicate that Plaintiff worked as a GS-11 budget analyst position as of July, 2004, at an annual salary (including base and locality pay) of $55,652.00.

    c)  Subject to final approval and processing by the Office of Personnel Management ("OPM"), Plaintiff's CSRS annuity will be adjusted. The adjustment will be made by recalculating Plaintiff's annuity as of the date of her retirement, August 2, 2006. The Parties estimate the net adjusted annual annuity to be $2,064.00, although OPM will calculate the actual annual annuity adjustment. Nothing in this agreement shall act to limit any Cost of Living Adjustment factor that may become applicable to CSRS annuities in the future.

    d) Subject to final approval and processing by OPM,

Plaintiff also will be paid a lump sum amount by OPM for the difference between the annuity she has been receiving and the annuity as adjusted as of the retirement date.  The Parties estimate the net lump sum annuity adjustment amount to be $2,064.00 through July 30, 2007, although the lump sum adjustment will only be calculated through the effective date of this Agreement, which will be the date that the Court enters this Joint Stipulation as an Order.  Thus, depending on the effective date of this Joint Stipulation, the lump sum annuity adjustment amount may be less or more than the amount indicated above. Defendant agrees to provide the necessary paperwork to OPM in order to facilitate the adjustment to Plaintiff's CSRS annuity payments and agrees to cooperate with any requests concerning submission of paperwork regarding this adjustment.

e) Defendant will take appropriate action to accomplish the annuity adjustment, including but not limited to the payment of the necessary employee contributions and the agency deductions. Defendant will bear the entire cost of the annuity adjustment and Plaintiff will bear no cost of the adjustment, either by direct or indirect payments, setoffs, future reductions in the annuity, or reimbursements of any portion of annuity payments received, except that, as noted below, Plaintiff will be required to pay all appropriate amounts under the applicable tax laws.

  f) For the lump sum annuity adjustment there may be appropriate tax withholdings required by law.  In assessing the appropriate withholdings, OPM may rely on the W-4 form(s) that Plaintiff has on file with the Department of Agriculture.

  3. Plaintiff acknowledges her duty to adhere to any applicable tax filing requirements and other obligations with regard to the proper payment of taxes.  Plaintiff understands that she assumes full responsibility for any and all tax consequences, if any, that arise from this Stipulation.

  4. This Joint Stipulation Of Settlement And Dismissal shall not constitute an admission of liability or fault on the part of Defendant or its past or present agents, employees, representatives or officers, and Defendant expressly denies any and all liability and/or fault.  The Parties enter into this stipulation solely for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.  The Parties agree that this Joint Stipulation shall not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant or any department, agency, or instrumentality of the United States.

  5. Plaintiff acknowledges that she has read this entire agreement and that she understands all of its terms and conditions.  The Parties further agree that this agreement was

jointly drafted by both Parties. Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this agreement to her and that Defendant has provided sufficient time for this purpose.

6. Plaintiff acknowledges that she has entered into this Joint Stipulation Of Settlement And Dismissal knowingly and voluntarily and with the advice of counsel. Further, Plaintiff acknowledges that no one has imposed any undue hardship, duress or coercion in connection with the execution of this document.

7. The Parties agree that the estimates recited above regarding the annuity adjustments are the Parties' best estimates and that the actual figures when finally calculated may be higher or lower.

8. The Parties agree that the terms expressly recited herein represent the entire compromise settlement and that, except as may be contained in the $12,500.00 recited above, the respective Parties shall each bear their own costs, fees, expenses, and attorneys' fees. There are no terms or conditions to this agreement except those expressly stated herein. This agreement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by a written instrument executed by duly authorized representatives of both Parties.

9. Execution of this Joint Stipulation by Plaintiff,

Plaintiff's counsel, and Defendant's counsel shall constitute a dismissal of this action in its entirety with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall retain jurisdiction to resolve a claim of noncompliance with the terms of this Joint Stipulation.

WHEREFORE, the above action is hereby dismissed, subject only to the Court retaining jurisdiction as necessary to enforce the terms of this Joint Stipulation Of Settlement And Dismissal.

Executed this __16th__ day of __July__, 2007.

Respectfully Submitted,

_____
JOEL P. BENNETT, DC BAR
#145227
LAW OFFICES OF JOEL P.
BENNETT, P.C.
1208 Eton Court, NW
Washington, D.C. 20007
(202) 625-1970

Attorney for Plaintiff

_____
LINDA P. WEAL

Plaintiff

_____
JEFFREY A. TAYLOR, DC BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____
MICHELLE JOHNSON, DC BAR #491910
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7139

Attorneys for Defendant

It is so ORDERED by the Court this __17th__ day of __July, 2007__

-9-

_____, 2007.

                                        */s/ Gladys Kessler*
                                  UNITED STATES DISTRICT JUDGE